IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRIEDA DERRICK<br>5597 Hill Creek Court<br>Philadelphia, PA 19120<br>　　　　　　　　　Plaintiff,<br>　v.<br>WALMART STORES INC.<br>702 Southwest 8th Street<br>Bentonville, AR 72716<br>　　and<br>WALMART ASSOCIATES INC.<br>702 Southwest 8th Street<br>Bentonville, AR 72716<br>　　　　　　　　　Defendants. | Civil Action<br><br>Jury Trial Demanded<br><br>No.: |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff, Alfrieda Derrick, brings this action under 42 U.S.C.S. §1981. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' contractual interference, retaliation, and other tortious actions.

### II. JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f) and as this matter is one of Federal Question.

3. Plaintiff has complied with all jurisdictional prerequisites as he is not required to exhaust his administrative remedies under 42 U.S.C.S. §1981.

1

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C.S. §1981.

5. At all times material hereto, WALMART STORES, INC. and WALMART ASSOCIATES, INC. (hereinafter referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e and 42 U.S.C.S. §1981.

6. At all times material hereto, Defendants, were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e and 42 U.S.C.S. §1981.

7. At all times material hereto, Plaintiff is afforded the protections provided under 42 U.S.C.S. §1981 as Plaintiff was retaliated against and forced to leave his position due to his race.

8. At all times material hereto, Plaintiff was subjected to severe and pervasive discrimination as enumerated *supra*.

9. This Honorable Court maintains Jurisdiction over this matter as it is one of Federal Question and the termination occurred in the Eastern District of Pennsylvania.

## III. THE PARTIES

10. Plaintiff, Alfrieda Derrick (hereinafter " Plaintiff"), is an adult African American female.

11. Plaintiff resides at the above-captioned address.

12. Upon information and belief, Defendants operate a business that provides retail sales wherein Plaintiff was employed, with registered addresses and principal places of business

located at the above-captioned addresses.

13. At all times material hereto, the actions enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants' job in Philadelphia, Pennsylvania.

## IV. FACTUAL BACKGROUND

14. Plaintiff was hired in or about June 21, 2017 as a produce department employee by and on behalf of the Defendants. Plaintiff earned $11.50 per hour at the time of hire.

15. Plaintiff was terminated from her position on or about June 6, 2019 as a beauty department employee, then moved to a cashier position being demoted, transferred and then moved to a cashier position earning less money ($11.00 per hour). Plaintiff was discharged as a result of racial discrimination.

16. As part of Plaintiff's position as a retail sales employee, she was required to work with other sales employees and perform duties as a sales representative which included assisting customers in the sales and purchase of Defendant's inventory.

17. As part of Plaintiff's position as a sales representative she was required to present to she job on a timely basis.

18. At all times material hereto, Plaintiff was supervised by Frank (store manager) who oversaw all employees of the Defendants and a white male.

19. At all times material hereto, Defendants' Representative Frank has fired multiple African American employees.

20. At all times material hereto, Defendants' Representative Frank had attempted to

3

fire Plaintiff on other occasions.

21. At all times material hereto. Plaintiff complained to Frank about the treatment African Americans faced at Defendant's store location at 1675 S. Columbus Blvd, Philadelphia, PA 19148.

22. At all material times hereto, Plaintiff was moved from the produce department, then demoted to the beauty department, then suffering another transfer to the cashier station.

23. At all times material hereto, Plaintiff advised Frank (general manager) that Hispanic employees were treated more favorably then African American employees.

24. At all times material hereto, Plaintiff was immediately supervised by Nydia (Hispanic female) and Nick (Hispanic male).

25. At all times material hereto, Plaintiff perceived Hispanic employees receiving favorable job assignments, including less physically demanding jobs; allowed to change job assignments and had African Americans work micro-managed.

26. At all times material hereto, Plaintiff performed her job duties on a satisfactory basis. After requesting a transfer to the beauty department, Plaintiff was alleged to have taken too long in the bathroom by her Hispanic supervisor, Gisele and consistently antagonized by the department manager who were all Hispanic.

27. Any acts or omissions attributed herein to Defendants, were committed or omitted by its principals, directors, officers, managers, and/or employees who were acting in the course, scope and color of their employment with said Defendants.

28. At all times material hereto, management aided and abetted the aforementioned discrimination to which Plaintiff was subjected thereto.

29. The aforementioned conduct of Defendants was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under the law.

30. Defendants had a continuing need for the work the Plaintiff had been performing.

31. As a direct and proximate result of Defendants aforesaid acts and omissions, including the discriminatory practices, Plaintiff:

 (a) was discharged from her employment to her great financial detriment and loss;

 (b) had her ability to work and find new work interfered with because of the actions of the Defendants in providing Plaintiff the inability properly perform her job related duties;

 (b) was caused great pain and suffering, emotional loss, hostility and emotional upset; and

 (c) suffered severe embarrassment, humiliation and depression directly from said Defendants' conduct.

**COUNT I**
**ALFRIEDA DERRICK vs. WALMART STORES, INC. and WALMART ASSOCIATES, INC.**
**VIOLATION OF THE EQUAL RIGHTS UNDER THE LAW 42 USCS 1981**

32. Plaintiff hereby incorporates by reference all of the aforementioned allegations

set forth above.

33. The conduct of Defendants and their treatment of Plaintiff in her employment violated 42 U.S.C.S. §1981 as Plaintiff's discharge, was based upon false pretenses and due to her race (African American).

34. At all times material hereto, Plaintiff had the experience and the know how to perform her job yet moved to three different departments during her tenure with the Defendants.

35. Plaintiff, in being transferred to multiple positions under Defendant's employment, was subject to racial bias and told she would be moved to a cashier because Hispanic employees refused to perform this job.

36. At all times relevant hereto, Hispanic employees were given preferential treatment for assignments, hours, duties, etc.

37. Plaintiff continually complained about the discriminatory conduct without any resolution.

38. Plaintiff contends that African Americans, including that of Plaintiff, are denied advancement, opportunities and treated in a disparate manner directly by Defendants' supervisors.

39. Plaintiff further alleges that the conduct on the part of Defendants' supervisors, was a direct result of discriminatory actions taken against African Americans and those of color. Plaintiff alleges that Defendant's attempted to deny Plaintiff unemployment benefits when there was no legitimate basis for her termination. After review, Plaintiff received all valid unemployment benefits several months after her termination.

WHEREFORE, Plaintiff, Alfrieda Derrick, demands judgment against Defendants, including:

(a) A declaration that Defendants' actions as described herein violated Title 42 U.S.C.S. §1981;

(b) equitable and declaratory relief;

(c) compensatory damages for Plaintiff's loss of past and present income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(d) punitive damages;

(e) payment of interest and Plaintiff's attorney's fees and costs associated with bringing the claim; and

(f) such other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(T): (215) 576-0100
(F): (215) 576-6288
mweinberg@saffwein.com